IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60332-CR-KMM

UNITED STATES OF AMERICA,

vs.

ELLISA MARTINEZ,

Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION OF RESTITUTION ORDER

THIS CAUSE came before the Court upon Defendant Ellisa Martinez's Motion for Reconsideration of Restitution Order (ECF No. 82). The Government filed a Response (ECF No. 83) and filed a Notice of Supplemental Authority (ECF No. 84). The Motion is now ripe for review.

UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

On November 10, 2010, Defendant Ellisa Martinez sent a threatening e-mail to a Pompano Beach, Florida, radio station. Martinez's e-mail said, "[I]'m planning something big around a government building here in Broward County, maybe a post office, maybe even a school, I'm going to walk in and teach all the government hacks working there what the 2nd amendment is all about." Stip. Factual Basis Plea ¶ 4 (ECF No. 57). Martinez followed the e-mail with a phone call in which she claimed that her ex-husband "was going to shoot up a school

1

in Pembroke Pines, Florida." Id. at 6.

The threat caused all public schools and several private schools in Broward County to go into a state of lockdown. Id. at 13. Police and school security officers were dispatched to local schools to assist in the lockdown. Id. Several government buildings were also shut down and secured including the City Hall of Pembroke Pines. Id. The mobilization and allocation of these resources resulted in the diversion of resources and the expenditure of money that would not have been incurred but for this incident. See Gov't Resp.

On December 14, 2010, Martinez pled guilty to an indictment charging her with one count of knowingly transmitting in interstate commerce a communication which contained a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). Martinez was sentenced to two years in prison. Judgment (ECF No. 63). On September 23, 2011, the Government motioned for an Order of Restitution, indicating that Pembroke Pines Police Department incurred $7567.51 in costs associated with Martinez's threats. Mot. Order Rest. (ECF No. 78). The Government included an itemized copy of expenses from the Pembroke Pines Police Department for expenditures on the day of the incident. Ex. 1 (ECF No. 78-1). Martinez now motions the Court to reconsider its Order of Restitution.

## II. STANDARD OF REVIEW

The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." Miccosukee Tribe of Indians v. United States, 680 F. Supp. 2d 1308, 1312 (S.D. Fla. 2010) (quoting Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal

quotation and citations omitted)). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted)).

## III. ANALYSIS

In her Motion, Martinez correctly cites Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir. 1993), for the proposition that the costs of investigating and prosecuting an offense may not be ordered under the Victim and Witness Protection Act (VWPA). The Court recognizes that such restitution is not appropriate. However, the Eleventh Circuit's decision in United States v. Washington, 434 F. 3d 1265, 1269-70 (11th Cir. 2006) allows restitution to be ordered for the foreseeable losses that are the result of a defendant's criminal conduct. The Court readily awards the latter to the Pembroke Pines Police Department for the costs it incurred in responding to Martinez's threats by securing schools and government buildings. Such a response is certainly foreseeable in light of Martinez's threats of impending violence by her or her ex-husband.

While the costs of securing schools and government buildings is compensable, the costs directly related to investigating who issued the threats, and effecting the arrest of that individual are not recoverable. In other words, the costs of identifying and tracking down Martinez are not recoverable under the VWPA. A reconsideration of the restitution claim by the Pembroke Pines Police Department reveals that the claim lacks information or detail regarding whether the costs listed are in fact the costs related to responding to Martinez's threats, or are costs incurred as a result of investigating Martinez. Accordingly, the Government shall submit a statement to the Court indicating the costs incurred by the Pembroke Pines Police Department that are attributable to the response to Martinez's threats.

3

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion for Reconsideration of Restitution Order is GRANTED IN PART. The Court's Order on Government's Motion for an Order of Restitution (ECF No. 80) is VACATED. Within ten (10) days of the issuance of this Order, the Government shall submit a statement indicating specifically what costs were incurred as a result of the Pembroke Pines Police Department's response to Defendant's threats.

DONE AND ORDERED in Chambers at Miami, Florida this 25th day of October, 2011.

**K. MICHAEL MOORE**

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record